IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MICKEY LEE WAGGONER,

        Defendant.

No. 6:06-cr-60046-MC

ORDER

McShane, District Judge.

This matter comes before the Court on Defendant Mickey Lee Waggoner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's motion is GRANTED.

### Background

On April 20, 2006, Defendant was indicted on a single count of felon in possession of a firearm as an Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF Dkt. No. 1. The indictment alleged that Defendant had the following predicate convictions: Burglary in the First Degree in 1988; Unlawful Delivery of a Controlled Substance in 1995; and Burglary in the First Degree in 2002. ECF Dkt. No. 1. Defendant entered a guilty plea and, on February 7, 2008, Defendant was sentenced to 180 months. ECF Dkt. Nos. 33, 44.

### Legal Standards

28 U.S.C. § 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

## Discussion

Defendant asserts that his convictions for burglary no longer qualify as predicate convictions and that he should not be subject to the mandatory minimum sentence of the Armed Career Criminal Act ("ACCA").

Ordinarily, a conviction for violation of 18 U.S.C. § 922(g) would carry a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). However, the ACCA imposes a fifteen-year mandatory minimum sentence if a defendant has three or more convictions for "a violent felony or a serious drug offense or both." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). This final, catch-all provision is known as the "residual clause."

Previously, a conviction for Burglary in the First Degree under ORS 164.225 was considered a violent felony under the ACCA's residual clause, rather than as a generic burglary. *United States v. Mayer*, 560 F.3d 948, 958-63 (9th Cir. 2009). The Supreme Court has since struck down the residual clause as unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563 (2015).

As a preliminary matter, the Government appears to suggest that the holding of *Johnson* may not be retroactively applicable on collateral review. When the Supreme Court announces a "new rule," that rule applies to all criminal cases still pending on direct review, but in determining whether a rule applies retroactively, courts must distinguish between substantive and procedural rules. *Schiro v. Summerlin*, 542 U.S. 348, 351-52 (2004). "New *substantive* rules generally apply retroactively," while "[n]ew rules of procedure, on the other hand, generally do not apply retroactively." *Id.* (emphasis in original). Substantive rules are given retroactive application "because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352 (internal quotation marks and citation omitted). Although the Ninth Circuit has not yet addressed the issue of the retroactive applicability of the *Johnson* decision, courts within this district have determined that the *Johnson* decision "is clearly substantive" and ought to be applied retroactively. *Summers v. Feather*, 119 F. Supp.3d 1284, 1291 n.1 (D. Or. 2015). The Sixth Circuit and the Seventh Circuit have come to the same conclusion. *See In Re Watkins*, 810 F.3d 375, 383-84 (6th Cir. 2015) ("Because *Johnson* announced a substantive rule that prohibits the imposition of ACCA's 15-year mandatory minimum sentencing provision on defendants whose status as armed career criminals depends on application of the unconstitutionally vague residual clause, we conclude that the Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review."); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) ("There is no escaping the logical conclusion that the [Supreme] Court itself made *Johnson* categorically retroactive to cases on collateral review."); *but see In Re Rivero*, 797 F.3d 986, 991 (11th Cir. 2015) (concluding that, although *Johnson* announced a new substantive rule, the rule was not retroactively applicable "because Congress *could* impose the punishment in

*Johnson* if Congress did so with specific, not vague, language."). I find the reasoning of the Sixth Circuit, the Seventh Circuit, and the *Summers* decision persuasive and I join with those courts in concluding that the *Johnson* rule should be applied retroactively.

The issue before me is therefore whether Burglary in the First Degree under Oregon law qualifies as "burglary" as set forth in the ACCA. The Ninth Circuit has recently summarized this increasingly complex inquiry as follows:

> At the first step, we compare the elements of the state offense to the elements of the generic offense defined by federal law. If this "categorical approach" reveals that the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as [a predicate offense]. When a statute is "overbroad," meaning that it criminalizes conduct that goes beyond the elements of the federal offense, we turn to step two: determining whether the statute is "divisible" or "indivisible." If the statute is indivisible, "our inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense." Only when a statute is overbroad and divisible do we turn to step three—the "modified categorical approach." At this step, we may examine certain documents from the defendant's record of conviction to determine what elements of the divisible statute he was convicted of violating.

*Almanza-Arenas v. Lynch*, ___ F.3d ___, 2016 WL 766753, at *2 (9th Cir. Feb. 29, 2015) (en banc) (quoting *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015)).[1]

I have previously determined that Burglary in the First Degree no longer qualifies as an ACCA predicate conviction because ORS 164.225 is both broader than "generic burglary" and indivisible. *United States v. Walsh*, No. 1:13-cr-00325-MC, EFC Dkt. No. 59 (D. Or. Jan. 11, 2016). This conclusion is consistent with the other post-*Johnson* rulings issued in this District. *See United States v. Bayya*, No. 3:13-cr-00558-HZ, 2015 WL 8751795, at *3 (D. Or. Dec. 14, 2015) (Hernandez, J. holding that "[b]ecause Oregon's first-degree burglary statute is indivisible and broader than 'generic burglary,' Bayya's convictions for first-degree burglary under Oregon

---

[1] The original en banc opinion in *Almanza-Arenas*, 809 F.3d 515 (9th Cir. 2015), was amended and superseded on February 29, 2016.

law do not qualify as predicates for an ACCA sentencing enhancement."); *United States v. Mayer*, ___F. Supp.3d. ___, Case No. 6:05-cr-60072-AA, 2016 WL 520967, at *3-12 (D. Or. Feb. 5, 2016) (Aiken, J. holding the same); *United States v. Giddings*, No. 1:12-cr-00053-PA, 2016 WL 814799, at *1-2 (D. Or. Feb 29, 2016) (Panner, J. holding the same); *see also Summers*, 119 F. Supp.3d 1284 (Sullivan, J. and Hernandez, J. finding that a substantially similar Washington statute is likewise overbroad and indivisible).

Consistent with my previous decision in *Walsh*, I join with Judges Panner, Aiken, and Hernandez in holding that ORS 164.225 is both overbroad and indivisible and that convictions for Burglary in the First Degree under Oregon law do not qualify as ACCA predicate convictions.

## CONCLUSION

Because Defendant was not convicted of three predicate offenses under the ACCA he is not subject to the fifteen-year mandatory minimum sentence that was previously imposed. Defendant's Motion under §2255, ECF. Dkt. No. 56, is GRANTED. Defendant's previous sentence of 180 months is VACATED. Sentencing is set to March 28, 2016, at 9:30am in courtroom 2 in Eugene. Defendant to remain in custody until that time.

DATED this __14__ day of March, 2016.

_____
MICHAEL McSHANE
U.S. District Judge